UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITNEY ATKINSON,

    Movant,

v.

    File No. 1:12-cv-831

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Defendants.
_____/

## OPINION

Pending before this Court is Movant Whitney Atkinson's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (Dkt. No. 1). The government filed a response to this motion (Dkt. No. 15). For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I. BACKGROUND

On February 7, 2007, a grand jury indicted Movant on three counts: (1) possession with intent to distribute five grams or more of cocaine base (crack cocaine); (2) being a felon in possession of a firearm; and (3) carrying a firearm during a drug trafficking crime. On April 6, 2007, Movant attempted to plead guilty under a plea agreement, but withdrew and requested new counsel. Movant appeared before a second Magistrate Judge on May 15, 2007, and pleaded guilty to the second and third counts of the indictment pursuant to a written plea agreement. The plea agreement provided, *inter alia*, that the government would dismiss Count 1 of the indictment and Movant would waive his right to appeal or to collaterally attack his sentence.

On August 29, 2007, this Court sentenced Movant to 240 months in prison, based on a guideline range of 262–327 months. Movant's guideline range was significantly increased by his designation as a career offender, owing to a string of bank robberies Movant committed in the 1990s. On November 1, 2007, amendments to the U.S. Sentencing Guidelines that were pending at the time of sentencing became effective. Had the amendments been effective at the time of sentencing, Movant would not have been designated as a career offender, and his guideline range would have been significantly lower. However, had Movant been convicted of all counts in the indictment, he would have faced a guideline range of 360 months to life.

Movant was on parole when arrested for drug trafficking. As a result of his arrest, he was incarcerated by the Michigan Department of Corrections until January 2009. His federal sentence began to run when he entered the custody of the Bureau of Prisons in January 2009.

On September 17, 2007, Movant appealed his sentence to the Sixth Circuit Court of Appeals. Movant raised two issues on appeal: (1) whether this Court erred in finding that he was a career offender, and (2) whether his trial counsel was ineffective for failing to argue that the pending amendment to the guidelines should be applied early to Movant. Rather than ruling on the merits of Movant's arguments, the Court of Appeals remanded the case for resentencing, ordering this Court to give consideration to the amendments. On remand, this Court resentenced Movant to 240 months.

On March 1, 2010, Movant again appealed, arguing that his sentence was procedurally unreasonable because this Court failed to consider the amendment. The Court of Appeals disagreed, ruling that Movant's sentence is procedurally and substantively reasonable. Movant appealed to the Supreme Court of the United States on August 4, 2011, and on October 7, 2011, the Supreme Court rejected his petition for a writ of certiorari.

Movant timely filed his pro se § 2255 motion on August 10, 2012. Movant gives a number of lengthy grounds for relief in his § 2255 motion. Although arranged differently in his Motion to Vacate, Movant's grounds for relief can be more succinctly organized as follows:

(1) ineffective assistance of trial counsel, specifically

   (a) failure "to tell the Court about the pending Amendment to the Criminal History Guideline" (Mot., Dkt. No. 1 at 17);

   (b) failure to "adjourn [Movant's] sentencing so that he would receive the benefit of the Amendment" (*id.*);

   (c) failure to obtain a more favorable plea bargain (*id.*);

   (d) failure to "make a good-faith estimate of a likely sentence in exchange of his plea and appellate rights" (*id.* at 20);

(2) ineffective assistance of appellate counsel, specifically failure to cite specific cases in objecting to Movant's sentencing (*id.* at 26);

(3) the Court gave a procedurally unreasonable sentence by treating him as a career offender (*id.* at 19);

(4) Amendment 709 should have applied on resentencing, because his sentence was not final until after direct appeal (*id.* at 27);

(5) the Court incorrectly calculated his criminal history points under the Sentencing Guidelines (*id* at 22-23);

(6) the Court incorrectly applied a weapons enhancement to his sentence (*id.* at 24);

(7) application of the Fair Sentencing Act would reduce his sentence by adjusting the penalty for a crime involving crack cocaine (*id.* at 24-26); and

(8) the Court incorrectly sentenced him as a career offender because 18 U.S.C. § 924(c) is not a crime of violence (Amended Mot, Dkt. No. 3 at 2)

Also contained in Movant's motion is a request for the Court to reconsider its decision not to count his time in state custody after his federal guilty plea as time served (*id.* at 28). The United States filed its response on May 6, 2013 (Dkt. No. 15).

## II. ANALYSIS

### A. Motion Standards[1]

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting

---

[1] Movant waived his right to appeal and to collaterally attack his sentence by virtue of his plea agreement. On his first appeal, however, the Sixth Circuit held that the waiver of appellate rights was not knowing or voluntary. Because the motion can dismissed on substantive grounds, this Court will not consider whether Movant's waiver of his right to collaterally attack his sentence was knowing and voluntary.

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. See *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S. Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). Movant's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id.* (quoting *Strickland*, 466 U.S. at 687).

5

Even if Movant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Movant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *See Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

**B.    Ineffective Assistance of Trial Counsel**

Movant argues that his trial counsel was ineffective for failing "to tell the Court about the pending Amendment to the Criminal History Guideline" (Mot., Dkt. No. 1 at 17); failure to "adjourn [Movant's] sentencing so that he would receive the benefit of the Amendment" (*id.*); failure to obtain a more favorable plea bargain (*id.*); and failure to "make a good-faith estimate of a likely sentence in exchange of his plea and appellate rights" (*id.* at 20). Movant baldly asserts that these alleged deficiencies were "decisive . . . in his decision to plead guilty" (*id.*).

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* closely resembles the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. *Hill v .Lockhart*, 474 U.S. 52, 58 (1985); *see also United States v. Wynn*, 663 F.3d 847, 851 (6th Cir.2011). The first prong of *Strickland* remains virtually the same. *Hill*, 474 U.S. at 58. The second prong—the "prejudice" requirement—focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. A movant must show a reasonable probability

7

that, but for counsel's errors, he "would have insisted on going to trial."*Id*. Further, prejudice cannot be shown absent "any statement that [the movant] is actually innocent, or would have gone to trial if his attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). A bare assertion that a movant is actually innocent or would have gone to trial is not a talisman that forecloses further inquiry into the movant's ineffective assistance claim. *Valentine*, 488 F.3d at 333.

To demonstrate that he would have insisted on going to trial, Movant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *See Padilla*, 559 U.S. at 372. A plea of guilty is a rational decision if such is entered voluntarily and intelligently, *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970). The government bears the burden of showing that the defendant's plea was voluntary, intelligent, and knowing. *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). This burden is "generally satisfie[d] . . . by producing a transcript of the plea proceeding." *Id.* To enter a knowing plea, the defendant must understand the true nature of the charge against him. *Id.* at 608.

In direct review of a federal guilty plea, "the issue of whether the plea was knowing and voluntary is reviewed de novo," while "the underlying factual bases . . are reviewed for clear error." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). The Constitution requires that the totality of the circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755. Although the Sixth Circuit held that Movant's waiver of his appellate rights was not knowing and voluntary, it did not address the nature of his guilty plea.

8

Looking to the transcript of the plea hearing and considering the totality of the circumstances, the Court is convinced Movant's guilty plea was rational because it was knowing, intelligent, and voluntary. First, the Magistrate Judge explained all the counts, including the count of possession with intent to distribute that was not being charged, to Movant (1:07-cr-26, Dkt. No. 32 at 3-4). The Magistrate Judge also explained the maximum penalties and federal sentencing guidelines associated with those counts (*id.* at 4-5). The Magistrate Judge explained, however, that this Court was not bound to actually follow the guidelines, and could impose a sentence above or below the guideline range (*id.* at 6). Movant indicated he understood (*id.* at 7).

The Magistrate Judge then explained that Movant's parole could be impacted by pleading guilty (*id.* at 12-13). The Magistrate Judge further explained that this Court would have no control over the manner in which the Michigan courts would treat his guilty plea (*id.*). Movant affirmed that he understood the potential impact to his parole status by pleading guilty (*id.*).

The Magistrate Judge asked Movant a series of questions, confirming that Movant was not mentally impaired, understood the charges against him, and understood the nature of the proceedings (*id.* at 15). The Magistrate Judge explained to Movant the rights he would waive if he pleaded guilty, and Movant confirmed he understood that waiver (*id.* at 16-20).

The Assistant United States Attorney present then explained on the record the terms of the plea agreement (*id.* at 21-22). Movant explained that he understood the terms of the plea agreement, and confirmed that there were not other promises made to him that were not contained in the written plea agreement (*id.* at 22).

The Magistrate Judge explained to Movant the elements of the charges against him (*id.* at 23-25). Movant confirmed that he understood those elements (*id.* at 25). The Magistrate Judge

questioned Movant about the factual basis of the charges (*id.* at 31-38). During this colloquy, Movant confirmed that he was a felon, that he was in possession of a weapon that had traveled in interstate commerce, and that he was in the possession of the weapon while he was attempting to traffic cocaine base (*id.*). The Magistrate Judge confirmed that Movant had the opportunity to talk with counsel about the charges against him, the plea agreement, and the consequences of pleading guilty, and confirmed that Movant was satisfied with counsel's representation (*id.* at 39).

Movant's plea was valid because, under the totality of the circumstance, it was knowing, intelligent, and voluntary. Further, Movant has failed to show that his counsel's conduct in any way "fell below an objective standard of reasonableness." At Movant's resentencing, this Court was aware of Amendment 709 and the fact that it was pending at the time of his original sentencing. The Court, nonetheless, imposed the exact same sentence on Movant. Therefore counsel's failure to inform the Court of the amendment or to move for an adjournment at his original sentencing could not possibly have prejudiced Movant. Moreover, had counsel moved to adjourn the proceedings until the amendment took effect (some three months from the sentencing date to the effective date) this Court would have denied the request. Therefore counsel's failure to move for adjournment did not prejudice Movant.

Movant also contends counsel was ineffective for failing to obtain a more favorable plea agreement and for failing to make a good-faith estimate of a likely sentence in exchange for his plea and appellate rights. However, because his plea was knowing, intelligent, and voluntary, he cannot now argue that his counsel was ineffective for failing to get a better agreement or for failing to make a better estimate of his likely sentence.

In sum, Movant has failed to show that but for his counsel's errors, he would have insisted

on going to trial. As the Sixth Circuit has stated, "[t]he decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer." *Smith v. United States*, 348 F.3d 545, 552 (2003). The Court holds, therefore, that Movant's decision to plead guilty was rational, and that he is entitled to no relief under § 2255 due to his trial counsel's alleged errors.

C.     **Ineffective Assistance of Appellate Counsel**

Movant claims his appellate counsel was ineffective for failing to:

> object to the sentencing during direct appeal by citing the Supreme Court case of Griffith v. Kentucky, 479 U.S. 314; . . . U.S. v. Moore [sic], 76 F.3d 111 (6th Cir. 1996); U.S. v Allen [sic], 106 F.3d 695 (6th Cir. 1996), holding failure to apply a newly declared constitutional rule to criminal case pending on direct review violates basic norms of constitutional adjudication

(Mot., Dkt. No. 1 at 26). Movant argues that appellate counsel should have raised the issue on direct appeal because Amendment 709 became law while his appeal was pending (*id.* at 26-27). Movant's argument is without merit.

Amendment 709 is not a constitutional rule, so to the extent the cases cited by Movant stand for the proposition for which Movant states, they are inapplicable to the instant case. Therefore, raising these cases before the Court of Appeals would have been frivolous.

Even if the argument suggested by Movant were meritorious, appellate counsel was not required, under the constitution, to raise it. Claims of ineffective assistance of appellate counsel are evaluated under the two-prong standard of *Strickland*. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). In the context of appellate cases, the Supreme Court has stated, no "decision of this Court suggests . . . that the . . . defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to press those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Therefore, the mere fact that

11

Movant now believes that his appellate counsel should have raised an issue or legal argument that was not raised does not demonstrate Movant was prejudiced. The Court holds, therefore, that Movant is entitled to no relief under § 2255 due to his appellate counsel's alleged errors.

**D.    Procedurally Defaulted Issues**

1.    *Issues Raised on Appeal*

"A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Movant re-raises two such issues here, namely, that the Court gave a procedurally unreasonable sentence by treating him as a career offender; and that Amendment 709 should have applied on resentencing, because his sentence was not final until after direct appeal. Movant has failed to demonstrate "exceptional circumstances" or "an intervening change in the case law" that would entitle him to raise these issues a second (or third) time on collateral review. The Court holds, therefore, that Movant is entitled to no relief under § 2255 for these defaulted issues.

2.    *Issues Not Raised on Appeal*

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the Movant shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Movant raises four new issues in his motion: the Court incorrectly calculated his criminal history points under the Sentencing Guidelines; the Court incorrectly applied a weapons enhancement to his sentence; application of the Fair Sentencing Act would reduce his sentence by adjusting the penalty for a crime involving crack cocaine; and the Court incorrectly sentenced him

as a career offender because 18 U.S.C. § 924(c) is not a crime of violence. None of these issues were raised in either of Movant's appeals. Further, Movant has failed to show cause for why he did not include these issues in either appeal.

Although not argued by Movant, it is possible that he did not raise the issue of the Fair Sentencing Act's more lenient base-to-powder ratio because that law did not become effective until August 3, 2010, and Movant filed his second appeal March 1, 2010. However, for offenders whose crimes predate the effective date of the Act, its more lenient standards only apply to those who were convicted *after* the August 3, 2010 effective date. *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct 2321, 2331 (2012). Therefore, even if Movant had shown cause, no prejudice results from this Court not considering his argument, because the substance of the argument is without merit. The Court holds, therefore, that Movant is entitled to no relief under § 2255 for these defaulted issues.

### III. CERTIFICATE OF APPEALABILITY

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*,

529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

### IV. CONCLUSION

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.


Dated: September 25, 2013             /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE